# Schock v. Berry, Appellant.

*Practice, C. P.—Refusal of new trial—Mistake of law—Discretion of court—Appeals.*

Where the refusal of a new trial is based upon a mistaken view of the law, it is such an abuse of discretion as will warrant a re-

versal. Such rule applies where the trial judge proceeds with the trial of a case which had been continued in accordance with the rules of the court.

A continuance precludes any further order in a cause until the order for continuance has expired, or has been properly set aside; it is error for the court at the instance of one party to set aside an order granting a continuance without notice to the opposite party.

Argued Oct. 31, 1918. Appeal, No. 207, Oct. T., 1918, by defendant, from judgment of Municipal Court, Philadelphia Co., Feb. T., 1918, No. 148, on verdict for plaintiff in case of Charles Schock v. Ernest Berry. Before ORLADY, P. J., PORTER, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit for breach of contract.

At the trial the jury returned a verdict for plaintiff for $242.40 on which judgment was entered. Defendant appealed.

*Error assigned* was refusal of new trial.

*C. Wilson Roberts,* with him *G. Levering Arnhold,* for appellant, cited: Cheshire v. Hevner, 2 W. N. C. 183; Whitaker v. Terry, 4 W. N. C. 526; Banking Company v. Widdifield, 6 W. N. C. 451.

*Morris Dos Passos,* for appellee.

OPINION BY WILLIAMS, J., January 3, 1919:

The court below refused a new trial and defendant appealed. The trial was fixed for Tuesday, March 19, 1918; defendant, after notice to plaintiff, asked for and was granted a continuance by the motion judge, Monday, March 18th; March 19th, the trial judge, at the request of plaintiff, with notice of the continuance and in the absence of defendant, his counsel and witnesses, set aside the continuance and tried the case. There was a verdict and judgment for plaintiff.

Rule 13, of the Municipal Court, provides that "after a date has been fixed for trial, a continuance thereof shall be granted only upon application to the motion judge sitting daily in room 395 City Hall; no case shall be continued by the trial judge except for causes arising on the date set for the trial." A continuance precludes any further order in a cause until the order for continuance has expired, or has been properly set aside; it is error for the court at the instance of one party, to set aside an order granting a continuance without notice to the opposite party: 13 C. J. 192. The only seeming conflict in this State with the principles above stated, Stone v. Scherzer, 3 Walker 145, was decided on a theory of review which has been repudiated in Mix v. North American Co., 209 Pa. 636, 642.

Where the refusal of a new trial is based upon a mistaken view of the law, it is such an abuse of discretion as will warrant a reversal: see First Nat. Bank of Birmingham v. Fidelity Title & Trust Co., 251 Pa. 536, 542.

The learned trial judge proceeded with the trial of a case which had been continued in accordance with the rules of the Municipal Court. This, we think, under the law, was a mistaken view of his power in the premises. A new trial should have been granted; therefore, the assignments of error are sustained.

The judgment is reversed and a venire facias de novo awarded.